**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

TERRENCE CORBETT,

      Plaintiff,

      v.

E. FERNANDEZ, *et al.*,

      Defendants.

Case No. 2:22-cv-07397 (BRM) (JSA)

**ORDER**

**THIS MATTER** is opened to the Court upon the filing of: (1) Plaintiff Terrence Corbett's ("Plaintiff") Motions for Default Judgment against Defendants E. Fernandez ("Fernandez"), S. Tischio ("Tischio"), Nunez, Guillen, Chernez, Jimenez, and Campaniolo (collectively, "Defendants") (ECF Nos. 10, 14); and (2) Defendants' Motion to Vacate Default (ECF No. 19). The Court has reviewed the motions and the submissions filed in connection therewith and enters this decision without oral argument pursuant to Federal Rule of Civil Procedure 78(b).

To set aside an entry of default, Federal Rule of Civil Procedure 55 permits "[t]he court [to] set aside an entry of default for good cause" at its discretion. Fed. R. Civ. P. 55(c); *see Bailey v. United Airlines*, 279 F.3d 194, 204 (3d Cir. 2002). Entry of defaults are not favored, and doubtful cases are to be resolved in favor of the party moving to set aside the default so that cases may be decided on the merits. *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984). To determine whether good cause exists to vacate the entry of default, the Court looks at the following factors: (1) prejudice to the plaintiff; (2) whether the default was entered due to the culpable conduct of the defaulting party; (3) availability of a meritorious defense; and (4) the

effectiveness of alternative sanctions.[1] *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73 (3d Cir. 1987) (citing *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984)).

**IT APPEARING THAT:**

1.	Plaintiff's Complaint was filed on December 23, 2022, after the Court granted his application to proceed *in forma pauperis* (ECF No. 2);

2.	On January 24, 2023, Defendants Campaniolo, Chernez, Fernandez, Guillen, Jimenez, and Nunez were served with the Complaint (ECF No. 5);

3.	On March 20, 2023, the Clerk of the Court entered default as to Defendants Campaniolo, Chernez, Fernandez, Guillen, Jimenez, and Nunez (Clerk's Entry   dated   March 20, 2023);

4.	That same day, Plaintiff moved for default judgment against Defendants Campaniolo, Chernez, Fernandez, Guillen, Jimenez, and Nunez (ECF No. 10);

5.	On March 31, 2023, Defendant Tischio was served with the Complaint (ECF No. 11);

6.	On May 23, 2023, the Clerk of the Court entered default as to Defendant Tischio (Clerk's Entry dated May 23, 2023);

7.	That same day, Plaintiff moved for default judgment against Defendant Tischio (ECF No. 14);

8.	On May 31, 2023, Defendants first appeared in the case by way of a letter requesting an adjournment of the return date for Plaintiff's Motions for Default Judgment from July 17, 2023, to August 7, 2023 (ECF No. 17);

---

[1] The last factor is not always considered by the Third Circuit. *See, e.g., Budget Blinds, Inc. v. White*, 536 F.3d 244, 256 (3d Cir. 2008); *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 656 (3d Cir. 1982).

9.      On June 23, 2023, the Court granted this request (ECF No. 18);

10.     On July 5, 2023, Defendants filed their Motion to Vacate Default (ECF No. 19);

11.     Defendants argue good cause exists because Defendants timely requested representation from the Attorney General's Office (the "AG's Office") on January 30, 2023, and the AG's Office took no action until May 26, 2023. (ECF No. 19-1 at 4.) Defendants contend the delay was caused solely by the AG's Office's inaction and through no fault of Defendants. (*Id.*)

12.     Defendants further argue they have meritorious defenses, and that Plaintiff will not be unfairly prejudiced by a setting aside of default against Defendants. (*Id.*)

The Court agrees and finds Defendants' delay will not prejudice Plaintiff, and was not caused by the culpable conduct of Defendants. Any alternative sanctions would further delay adjudication on the merits, including a review of alleged meritorious defenses. Therefore, when viewed in the light of the *Emcasco* factors, vacatur of the defaults is appropriate. Accordingly, and for good cause appearing,

**IT IS** on this 29th of August, 2023,

**ORDERED** that Defendants' Motion to Vacate Default (ECF No. 19) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Motions for Default Judgment (ECF Nos. 10, 14) are **DENIED as MOOT**; and it is further

**ORDERED** that Defendants have twenty-one (21) days from the date of this Order to answer or otherwise respond to the Complaint.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**